UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: FRANK S. SORBELLO

        Debtor.

HIGH FLOW FUNDING LLC,

        Appellant,

-against-

FRANK S. SORBELLO

        Appellee.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __4/14/2025__

Bankr. No.  22-35754 (CGM)

23-cv-8815 (NSR)

23-cv-8819 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

  High Flow Funding LLC ("High Flow") appeals from two orders of the United States Bankruptcy Court for the Southern District of New York (Morris, J) (the "Bankruptcy Court"), dated August 14, 2023, and August 23, 2023 (ECF No. 1). First, High Flow appeals the August 14, 2023 Order where the Bankruptcy Court granted Frank S. Sorbello ("Sorbello")'s motion, finding that Sorbello was co-lessee with Iconic Properties NY, Inc. ("Iconic Properties"), for the October 27, 2021 High Flow Funding LLC Lease Agreement (the "Lease") for heavy duty constructive equipment, and, correspondingly, that High Flow, as lessor, violated the Chapter 13 Bankruptcy automatic stay by repossessing the bulldozer. The Bankruptcy Court accordingly sanctioned High Flow and also ordered High Flow to return the leased equipment. High Flow also appeals the Bankruptcy Court's August 23, 2023 Order to the extent the Bankruptcy Court denied High Flow's motion for an enlargement of time to late-file a response to Sorbello's motion seeking sanctions against High Flow, and to the extent the Bankruptcy Court denied High Flow's motion for the Bankruptcy Court to vacate its decision on Sorbello's motion for sanctions.

1

For the following reasons, the Bankruptcy Court's orders in Case No. 22-35754 (CGM), Document 66 and at Document 74 are REVERSED.

**BACKGROUND**

The instant action arises from an October 27, 2021, commercial lease wherein High Flow leased out heavy duty equipment to its customer lessee. (Appellant Statement of Facts ("SOF") p. 3.) The commercial lease is for a Bobcat T300 and John Deere 850J. (*Id*. p. 5.) The Lease explicitly identified the lessee as being a corporate entity, *not* an individual. (*Id.*) The customer-lessee is listed as "Iconic Properties NY Inc. – Frank S. Sorbello." (*Id.*) Iconic Properties, by way of Sorbello, signed the lease on October 27, 2021. (*Id.*) Eric M. Sager ("Sager") of High Flow countersigned the lease that same day. (*Id.*)

Under a section entitled "Personal Guaranty for Lease Agreement" ("Personal Guaranty"), Sorbello affixed his signature, thus identifying himself as the Lease's guarantor. (Record on Appeals ("A") A114.) The Personal Guaranty explicitly states that "[i]f the Customer defaults under the Lease Agreement, you will immediately perform all obligations of the Customer under the Lease Agreement, including but not limited to, protecting the Equipment and paying all amounts due under the Lease Agreement." (*Id*.) Furthermore, the Personal Guaranty states that "[i]n consideration of [High Flow's] entering into this Lease Agreement, [the guarantor] unconditionally and irrevocably guarantee[s] to [High Flow], [High Flow's] successors and assigns, the prompt performance of all covenants, obligations and conditions, as well as payment when due of all obligations of the Customer." (*Id*.)

On December 1, 2022, Sorbello filed for Chapter 13 Bankruptcy, triggering Chapter 13's automatic stay. (SOF p. 7.) Sorbello filed his summary of assets and liabilities on January 12, 2023, and a supplement schedule on January 13, 2023. (*Id*.) Notably, on the initial form, under "Schedule

2

G: Executory Contracts and Unexpired Leases," Sorbello did not list the Lease, and under "Schedule H: Your codebtors," he did not list Iconic, claiming to have had no codebtors. (*Id*.) High Flow was listed as one of Sorbello's creditors on the supplemental form. (*Id*. p. 8.)

On January 14, 2023, High Flow repossessed the Lease equipment. (*Id*.) Thereafter, on January 26, 2023, High Flow filed a proof of claim in the amount of $224,252.60 based on the Lease, secured by a motor vehicle valued at $8,000. (*Id*.) In response, on June 1, 2023, Sorbello filed a motion seeking to hold High Flow in contempt for violating the automatic stay and seeking to be awarded monetary sanctions against High Flow. (*Id*.) High Flow failed to timely respond and defaulted. (*Id*. p. 10.) The Bankruptcy Court held a hearing on July 18, 2023, on Sorbello's motion; High Flow did not attend the hearing, and the Bankruptcy Court granted Sorbello's motion. (*Id*.)

Thereafter, on August 14, 2023, the Bankruptcy Court issued an order granting sanctions against High Flow and ordering High Flow to return the repossessed bulldozer and pay $1,500 per month from the date of the order for every month the bulldozer is not returned. (*Id*.) High Flow was further ordered to pay $2,365 ($2,000 in attorney's fees and $365 in costs) within 30 days of the entry of the August 14, 2023, order. (*Id*.)

High Flow then filed a motion seeking leave of the Bankruptcy Court to file a late response to Sorbello's motion for purported violations of the automatic stay and seeking relief from the Bankruptcy Court's August 14, 2023 order. (*Id*. p. 11.) On August 23, 2023, the Bankruptcy Court ultimately denied High Flow's motions. (*Id*. p. 16.)

High Flow now appeals the Bankruptcy Court's August 14, 2023 Order and August 23, 2023 Order.

## LEGAL STANDARD

### A. Federal Rules of Bankruptcy Procedure 8013

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree." Fed. R. Bankr. P. 8013. A district court reviews a bankruptcy court's conclusions of law *de novo* and its findings of fact under a clearly erroneous standard. *See In re Ames Dep't Stores, Inc.*, 582 F.3d 422, 426 (2d Cir. 2009) (citing *Momentum Mfg. Corp. v. Emp. Creditors Comm.*, 25 F.3d 1132, 1136 (2d Cir. 1994)).

## DISCUSSION

### A. The Applicable Legal Standard

"The question of whether the language of a contract is unambiguous is a question of law to be decided by the Court." *Malmsteen v. Universal Music Grp., Inc.,* 940 F. Supp.2d 123, 130 (S.D.N.Y. 2013). Moreover, the "proper interpretation of an unambiguous contract" is also a "question of law for the court." *Reyes v. Metromedia Software, Inc.,* 840 F. Supp.2d 752, 755 (S.D.N.Y. 2012). As to the question of sanctions, "[a] bankruptcy court's awards of sanctions will not be set aside . . . in the absence of an abuse of discretion." *In re Kalikow*, 602 F.3d 82, 91 (2d Cir. 2010). It follows, then, that an award of sanctions will be set aside if the bankruptcy court "based its rulings on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *In re Highgate Equities, Ltd.*, 279 F.3d 148, 152 (2d. Cir. 2002).

### B. Whether Sorbello Was a Lessee For the High-Flow Funding Lease

The Bankruptcy Court concluded that Sorbello was the lessee for the subject lease in the instant action. This was reversible error, and the Court concludes that Sorbello was not a lessee for the purposes of the Lease, but rather was only a guarantor under the Lease.

Contracts are to be interpreted and enforced according to their plain meaning, and according to their clear and unambiguous terms. *In re Condado Plaza Acquisition LLC*, 620 B.R. 820, 831 (Bankr. S.D.N.Y. 2020). However, "[w]here the meaning of a word or phrase is ambiguous, a court may look beyond the 'four corners' of the agreement and 'examine the record as a whole in an attempt to interpret the agreement so as to effectuate the intent of the parties.'" *Freedberg v. Landman*, 930 F. Supp. 851, 855 (E.D.N.Y. 1996) (quoting *Bank of New York v. Amoco Oil Co.*, 35 F.3d 643, 661 (2d Cir. 1994)).

Under New York state law, "an interpretation of a contract that has 'the effect of rendering at least one clause superfluous or meaningless . . . is not preferred and will be avoided if possible.'" *Shaw Group, Inc. v. Triplefine Int'l Corp.,* 322 F.3d 115, 121 (2d Cir. 2003) (citation and internal quotation marks omitted). Pennsylvania state law counsels the same: contract construction which "render[s] certain other contractual provisions superfluous or illusory" is "disfavored." *Walney v. SWEPI LP*, No. 13 Civ. 102, 2018 WL 4076919, at *5 (W.D. Pa. Aug. 27, 2018).

It is well-established in this Circuit that a guaranty is "the promise to answer for the payment of some debt or the performance of some obligation, on default of such payment or performance, by a third party who is liable in the first instance . . . It is an obligation to answer for the debt of another." *Terwilliger v. Terwilliger*, 206 F.3d 240, 246 (2d Cir. 2000) (internal citations omitted). A guarantor's obligation under New York state law and Pennsylvania state law are similarly constructed. *See Weissman v. Sinorm Deli, Inc.,* 88 N.Y.2d 437, 646 N.Y.S.2d 308, 669 N.E.2d 242, 246 (1996) ("A guaranty ... is a contract of secondary liability ... [A] guarantor will be required to make payment only when the primary obligor has first defaulted"); *Citizens Bank of Pennsylvania v. Fine Cap. Assocs., L.P.*, No. 1367 WDA 2013, 2014 WL 10558250, at *13 (Pa.

Super. Ct. Nov. 25, 2014) (noting that a guarantor's secondary liability could only materialize upon the obligor's defaulting); *Mag. Dig. Pub. Co. v. Shade*, 330 Pa. 487, 489 199 A. 190 (1938) (noting that guarantor liability existed as third-party liability to the contract between the two originally contracting parties).

As stated earlier, interpretation of a lease agreement is a question of law; therefore, the Bankruptcy Court's conclusion on whether Sorbello was a lessee under the Lease is reviewed *de novo*. Here, the Court finds that the record clearly establishes that Sorbello is the guarantor of the subject lease, which necessarily forecloses any possibility that Sorbello is simultaneously a lessee (whether as the sole lessee or as a co-lessee). The record on appeal plainly identifies in the Personal Guaranty for the Lease Agreement that Sorbello is the guarantor. (A149.) According to the principles of contract interpretation discussed *supra,* the Personal Guaranty is unambiguous and explicitly identifies only Sorbello as the guarantor. (*Id.*) Moreover, to interpret the instant lease in such a way that Sorbello would be a lessee would render the contract's Personal Guaranty meaningless and superfluous, and the Court is compelled to avoid interpretations of contracts that result in such outcomes under New York state law and Pennsylvania state law. It is self-evident that one cannot simultaneously be a lessee and one's own guarantor for the lease on which one is already liable under as one of the contracting parties. *Weissman*, 88 N.Y.2d 437; *Terwilliger*, 206 F.3d 240 at 246; *Citizens Bank of Pennsylvania*, 2014 WL 10558250 at *13; *Mag. Dig. Pub. Co.*, 330 Pa. 487 at 489. The Court, therefore, cannot reach any other conclusion except that Sorbello is the subject lease's guarantor and that Sorbello is *not* a lessee. (*Id.*)

### C. Whether the Bankruptcy Court Had Jurisdiction Over the High-Flow Funding Lease Dispute

Finding that Sorbello was a guarantor, the dispute arising in the underlying action was not one that the Bankruptcy Court had jurisdiction over. The jurisdiction of the Bankruptcy Court is

established in 28 U.S.C. § 157. *In re Petrie Retail, Inc.*, 304 F.3d 223, 229 (2d Cir. 2002). Bankruptcy proceedings are divided into two principal categories: "core" and "non-core." *United States Lines, Inc. v. Am. Steamship Owners Mut. Protection and Indem. Ass'n, Inc.* (*In re United States Lines, Inc.*), 197 F.3d 631, 636 (2d Cir. 1999). A "core" bankruptcy proceeding is one where the nature of the proceeding is either (1) the type of proceeding [that] is unique to or uniquely affected by the bankruptcy proceedings . . . or (2) the proceedings directly affect a core bankruptcy function." *In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 707 (2d Cir. 1995). A "non-core" bankruptcy proceeding are "those that are not core 'but that [are] otherwise related to a case under title 11.*" In re Residential Cap., LLC*, 515 B.R. 52 (Bankr. S.D.N.Y. 2014).

The dispute surrounding the Lease arises from state contract law (regardless of whether being subject to New York state law or Pennsylvania state law) and has nothing to do with the administration of a bankruptcy estate. (SOF p. 2.) While Sorbello did file a Chapter 13 Bankruptcy petition, High Flow is correct to note that the dispute over the Lease was not brought within the ambit of Sorbello's bankruptcy proceedings within the purview of the Bankruptcy Court, as Iconic Properties, *not* Sorbello, was the lessee, and thus High Flow's repossession of the commercial equipment only proceeded against Iconic Properties, *not* Sorbello. (*Id.* p. 14.) This is especially the case when High Flow only issued invoices to Iconic Properties, *not* Sorbello. (*Id.*)

The parties' disagreement, therefore, arises from whether there was a breach of a lease agreement between High Flow and Iconic Properties, tantamount to a dispute over a commercial lease between a Lessor-Lessee. (*Id.*) *Cf. Central Vt. Pub. Serv. Corp. v. Herbert,* 341 F.3d at 191 (quoting *In re Ben Cooper,* 896 F. 2d at 1399). *See also In re Arnold Print Works,* 815 F.2d at 169 ("It is the nature of the proceeding—its relation to the basic function of the bankruptcy court—not the state or federal basis for the claim, that makes the difference here."). Thus, even in light of

7

the "broad interpretation corresponding to constitutional limits" of a Bankruptcy Court's jurisdiction, the Court must conclude that the Bankruptcy Court lacked jurisdiction over the underlying dispute regarding the Lease, and that the Bankruptcy Court's jurisdiction over Sorbello's Chapter 13 bankruptcy proceeding did not extend to the underlying dispute regarding the Lease. *In re Charter Commc'ns*, 409 B.R. 649, 654 (Bankr. S.D.N.Y. 2009).

Because the Bankruptcy Court lacked jurisdiction over the underlying action, the Bankruptcy Court's orders entered on August 14, 2023, and August 23, 2023, granting Sorbello's motion sanctioning High Flow for violation of the automatic stay, and denying High Flow's motion to late-file and vacate, must be vacated and reversed.

## CONCLUSION

For the foregoing reasons, High Flow Funding LLC's appeal of the Bankruptcy Court's August 14, 2023 and August 23, 2023 Orders in Case USBC-SDNY 22-3574 at Documents 66 and 73, respectively, is GRANTED. The Bankruptcy Court's Orders are REVERSED, and judgment is to be awarded in favor of High Flow Funding LLC, with costs. The Clerk of Court is kindly directed to terminate the actions 23-cv-8815 (NSR) and 23-cv-8819 (NSR).

Dated:   April 14, 2025                                         SO ORDERED:
         White Plains, New York

                                                                _____
                                                                NELSON S. ROMÁN
                                                                United States District Judge